IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 18-cr-00055-CMA

UNITED STATES OF AMERICA

       Plaintiff,

v.

ROBERT DEAN MASON,

       Defendant.

---

## PLEA AGREEMENT

---

    The United States of America (the government), by and through Valeria Spencer, Assistant United States Attorney for the District of Colorado, and the defendant, Robert Mason, personally and through counsel, Eric Zale, submit the following Plea Agreement pursuant to D.C.COLO.LCrR 11.1.

## I.  AGREEMENT

### A. Defendant's Obligations

### 1. Count of Conviction

    The defendant agrees to plead guilty to the sole count of the Information, charging a violation of 18 U.S.C. § 2252A(a)(5)(B) – Possession of Child Pornography. The defendant agrees to forfeit the electronic devices seized by the Federal Bureau of Investigation in the execution of the search warrant on his residence.

1


COURT EXHIBIT
1

### 2. **Sentencing Position**

As part of this agreement, the defendant agrees not to seek a sentence less than 5 years or 60 months. This is because the parties have agreed that the government will not bring charges involving distribution of child pornography, which carry penalties that include a sentence of imprisonment of *not less than* 5 years or 60 months. 18 U.S.C. § 2252A(b)(1).

### 3. **Waiver of Appeal**

The defendant is aware that 18 U.S.C. § 3742 affords the right to appeal the sentence, including the manner in which that sentence is determined. Understanding this, and in exchange for the concessions made by the government in this agreement, the defendant knowingly and voluntarily waives the right to appeal any matter in connection with this prosecution, conviction, or sentence unless it meets one of the following criteria: (1) the sentence exceeds the maximum penalty provided in the statute of conviction; (2) the sentence exceeds the guideline range applicable to a total offense level of 28; or (3) the government appeals the sentence imposed. If any of these three criteria apply, the defendant may appeal on any ground that is properly available in an appeal that follows a guilty plea.

The defendant also knowingly and voluntarily waives the right to challenge this prosecution, conviction, or sentence in any collateral attack (including, but not limited to, a motion brought under 28 U.S.C. § 2255). This waiver provision does not prevent the defendant from seeking relief otherwise available in a collateral attack on any of the following grounds: (1) the defendant should receive the benefit of an explicitly retroactive change in the sentencing guidelines or sentencing statute; (2) the defendant

2

was deprived of the effective assistance of counsel; or (3) the defendant was prejudiced by prosecutorial misconduct.

### 4. **Defendant's Abandonment of Right, Title, and Claim to Seized Property**

The United States of America and the defendant hereby agree that any property subject to forfeiture pursuant to 18 U.S.C. § 2253, seized from the defendant or his co-defendants, and currently in the custody and/or control of the Federal Bureau of Investigation, was properly seized and that such property constitutes evidence, contraband, or fruits of the crimes to which the defendant has pleaded guilty. As such, the defendant hereby relinquishes all claims, title, and interest the defendant has in such property, specifically identified in the section below, to the United States of America with the understanding and consent that the Federal Bureau of Investigation , or other appropriate agency, is to destroy the property described above forthwith without further obligation or duty whatsoever owing to the defendant or any other person.

As part of the Plea Agreement in this case, the defendant hereby states under penalty of perjury that the defendant was the sole and rightful owner of the previously referenced property, and that the defendant hereby voluntarily abandons all right and claim to this property.

### 5. **Forfeiture of Assets**

The defendant agrees to forfeit to the United States immediately and voluntarily any and all assets and property, or portions thereof, subject to forfeiture, pursuant to 18 U.S.C. § 2253, whether in the possession or control of the United States or in the possession or control of the defendant or defendant's nominees, or elsewhere. The assets to be forfeited specifically include, but are not limited to:

1. DELL POWEREDGE 1600SC S/N 412Z441
2. SERVER, SERVICE TAG 7DDJG11
3. SYNOLOGY PRS DS2415+ S/N 1570MCN151800
4. SYNOLOGY DS415 S/N 1490MIN676505
5. LIAN LI DESKTOP COMPUTER
6. BOX OF 31 HARD DRIVES
7. ANTEC DESKTOP COMPUTER 332355 A01
8. CORSAIR DESKTOP COMPUTER 114814489702
9. DELL XPS LAPTOP
10. CORSAIR DESKTOP COMPUTER 108415159702
11. 2 SSD'S, STICK SHAPE
12. FIVE SAS HARD DRIVES
13. SEAGATE 750GB HARD DRIVE
14. SEAGATE SATA S/N W3800D9F
15. SOLID STATE DRIVE - NO IDENTIFIER
16. DELL DESKTOP COMPUTER SERVICE CODE CNRGRJ1
17. TWO SOLID STATE DRIVES
18. 2 SEAGATE, 1 UNKNOWN HARD DRIVES, 3TB, 1.5TB, 3TB
19. SEAGATE AND IBM LAPTOP HARD DRIVES
20. SEAGATE HARD DRIVES FROM ICY DOCK - 2TB
21. TWO SEAGATE 2TB HARD DRIVES
22. TWO FLASHDRIVES AND TEN DVD'S/CD'S
23. TWO SEAGATE HARD DRIVES; 2TB & 1TB, 9 FLASH DRIVES

The defendant agrees and consents to the forfeiture of these assets pursuant to

any federal criminal, civil, and/or administrative forfeiture action. The defendant also

hereby agrees that the forfeiture described herein is not excessive and, in any event,

the defendant waives any constitutional claims that the defendant may have.

Forfeiture of the defendant's assets shall not be treated as satisfaction of any

fine, restitution, cost of imprisonment, or any other penalty this Court may impose upon

the defendant in addition to forfeiture.

### B. **Government's Obligations**

#### 1. **Pursuit of Additional Charges**

If the defendant enters an unconditional plea of guilty to Count 1 of the

4

Information and otherwise fulfills all obligations outlined above, the government agrees not to charge the defendant with any other violations of law now known to the United States Attorney's Office for the District of Colorado.

## 2. **Acceptance of Responsibility**

If the defendant engages in no conduct that otherwise implicates § 3C1.1, the government agrees that a 3 point reduction in the offense level for acceptance of responsibility, pursuant to § 3E1.1, is appropriate and agrees to make the appropriate motion at the appropriate time.

## C. **Effect of Withdrawal from Plea Agreement**

The parties stipulate and agree that the government may unilaterally withdraw from this Plea Agreement under any of the following circumstances: 1) if the defendant does not plead guilty to Count 1 of the Information; 2) if the Court does not accept the defendant's guilty plea; 3) if the defendant successfully withdraws his plea, either in the district court or on direct or collateral appeal; 4) if the defendant, at any time after judgment is entered, obtains dismissal, reversal or remand of the count of conviction for any reason; or 5) if the court rejects this Plea Agreement (or any part thereof), either before, during, or after sentencing.

## II. **ELEMENTS OF THE OFFENSE**

The parties agree that the elements of the offense to which this plea is being tendered, the crime of Possession of Child Pornography, 18 U.S.C. § 2252A(a)(5)(B), are as follows:

5

*One*:  Defendant knowingly possessed any book, magazine, periodical, film, videotape, computer disk, any other material that contained an image of child pornography;

*Two*:  That the child pornography has been mailed or has been shipped or transported using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce by any means, including by computer, or was produced using materials that have been mailed, or that have been shipped or transported in or affecting interstate or foreign commerce by any means, including by computer; and

*Three*:  That when the defendant possessed the child pornography, he knew it was child pornography.[1]

"Possession" is defined as "the holding or having something material or immaterial as one's own, or in one's control." *United States v. Bass, 411 F.3d 1198, 1201* (10th Cir. 2005) (quotations and citations omitted) (child pornography possession case).

"Child pornography" is defined as "any visual depiction, including any photograph, film, video, picture, or computer or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means, of sexually explicit conduct, where the production of such visual depiction involves the use of a minor engaging in sexually explicit conduct."[2]

"Sexually explicit conduct" means actual or simulated:

---

[1] 18 U.S.C. § 2252A(5)(B); Eleventh Circuit Pattern Jury Instruction 83.4A (2010) [modified].  The Tenth Circuit does not have a pattern instruction on this crime.

[2] 18 U.S.C. § 2256(8)(A).

1.    sexual intercourse, including genital-genital, oral-genital, anal-genital, or

oral-anal, whether between persons of the same or opposite sex; or

2.    bestiality; or

3.    masturbation; or

4.    sadistic or masochistic abuse; or

5.    lascivious exhibition of the genitals or pubic area of any person.[3]

## III.  STATUTORY PENALTIES

Based on the defendant's criminal history known at this time, the maximum

statutory penalty for a violation of 18 U.S.C. § 2252A(a)(5)(B) and (b)(2) is not more

than 10 years imprisonment, not more than a $250,000 fine, or both. 18 U.S.C. §

2252A(b)(2).  Pursuant to 18 U.S.C. § 3583(k), because the defendant is pleading guilty

to violating 18 U.S.C. § 2252A, the term of supervised release is not less than 5 years

and up to a term of life.  Defendant will also be required to pay a $100 special

assessment fee.  Defendant will also be required to pay a $5,000 special assessment

fee unless the Court finds that the defendant is indigent.

## IV.  COLLATERAL CONSEQUENCES

The conviction may cause the loss of civil rights, including but not limited to the

rights to possess firearms, vote, hold elected office, and sit on a jury.

### A. Future Violations of Supervised Release

If supervised release is imposed, a violation of any conditions of probation or

supervised release may result in a separate prison sentence and additional supervision.

---

[3] 18 U.S.C. § 2256(2)(A).

7

If a condition of release is violated, the defendant may be sentenced to up to 5 years without credit for pre-release imprisonment or time previously served on post-release supervision; if the defendant commits any criminal offense under Chapter 109A, 110, or 117, or Title 18, United States Code, Sections 1201 or 1591, for which imprisonment for a term longer than 1 year can be imposed, the defendant may be sentenced to not less than 5 years and up to the maximum term of imprisonment for the offense, as set forth above.

## B. **Registration under the Sex Offender Registration and Notification Act**

The defendant has been advised and he understands that under the Sex Offender Registration and Notification Act, a federal law, and pursuant to 18 U.S.C. § 3583(d), upon her release from prison and as a condition of his supervised release, if any, he will be subject to federal and state sex offender registration requirements, and that those requirements may apply throughout his life. The defendant understands he must register as a sex offender and must keep the registration current with the state sex offender registration agency in each of the following jurisdictions: where he was convicted, where he resides, where he is employed, and where he is a student. The defendant understands that the requirements for registration include providing his name, residence address, and the names and addresses of any places where he is or will be an employee or a student, among other information. The defendant further understands that the requirement to keep the registration current includes informing at least one jurisdiction in which he resides, is an employee, or is a student not later than three business days after any change of name, residence, employment, or student status. The defendant shall comply with requirements to periodically verify in person his

8

sex offender registration information.  The defendant has been advised, and
understands, that failure to comply with these obligations subjects him to prosecution for
violations of applicable state law or 18 U.S.C. § 2250, a federal law, which is punishable
by a fine or imprisonment, or both.  Defendant further understands that, under 18 U.S.C.
§ 4042(c), notice will be provided to certain law enforcement agencies upon release
from confinement following conviction.

### C. **Restitution**

Defendant acknowledges that pursuant to 18 U.S.C. § 2259(a), the Court is
required to order restitution for the full amount of the victims' compensable losses as
defined at 18 U.S.C. § 2259(b)(3) and(c) as may be proved by the government or
stipulated to by the parties.  Defendant will be required to pay restitution for the full
amount of the victims' losses to all victims of the offense to which defendant is pleading
guilty.  For purposes of this paragraph, the term "victim" is defined in 18 U.S.C.
§ 2259(c), and the term "full amount of the victims' losses" is defined in 18 U.S.C.
§ 2259(b)(3).  Defendant further understands the amount of loss sustained by each
victim will be determined during the course of preparation of the presentence
investigation report.   Defendant acknowledges that the Court may not decline to award
restitution because of the defendant's economic circumstances or the fact that the
victims have, or are entitled to receive compensation for their injuries from the proceeds
of insurance or any other source.  Defendant understands full restitution will be ordered
regardless of defendant's financial resources.  Defendant understands that an
unanticipated amount of a restitution order will not serve as grounds to withdraw
defendant's guilty plea.  Defendant further agrees to comply with any restitution order

9

entered at the time of sentencing to the extent that she is financially able to do so. Defendant understands imposition or payment of restitution will not restrict or preclude the filing of any civil suit or administrative action. Defendant agrees any restitution imposed will be non-dischargeable in any bankruptcy proceeding and defendant will not seek a discharge or a finding of dischargeability as to the restitution obligation.

## V.  STIPULATION OF FACTS

The parties agree that there is a factual basis for the guilty plea(s) that the defendant will tender pursuant to this Plea Agreement. That basis is set forth below. Because the Court must, as part of its sentencing methodology, compute the advisory guideline range for the offense(s) of conviction, consider relevant conduct, and consider the other factors set forth in 18 U.S.C. § 3553, additional facts may be included below which are pertinent to those considerations and computations.  To the extent the parties disagree about the facts set forth below, the stipulation of facts identifies which facts are known to be in dispute at the time of the execution of the Plea Agreement.

The statement of facts herein does not preclude either party from presenting and arguing, for sentencing purposes, additional facts or factors not included herein, which do not contradict the facts to which the parties have stipulated, and which are relevant to the guideline computation  under § 1B1.3, or to the sentencing factors found in § 1B1.4, 18 U.S.C. § 3553(a), or to this Court's overall sentencing decision.  In "determining the factual basis for the sentence, the Court will consider the stipulation of the parties, together with the results of the presentence investigation, and any other relevant information."  § 6B1.4 Comm.

The parties stipulate to the following facts:

10

On March 20 and 21, 2015, a FBI-Dallas Child Exploitation Task Force Officer, utilizing an undercover internet connection operated software capable of receiving files from the BitTorrent network. The undercover was able to download files of child pornography that the defendant was making available through BitTorrent. An example of what was downloaded from the Defendant includes a file named "ldm-004-101" that depicts a seated prepubescent female with her legs spread. The image is a close up photograph of the juvenile's anus and genitals, and the child's face is not visible. This image is one of a series of images depicting the same juvenile female in various poses and stages of undress.

On October 11, 2016, FBI agents in Denver accessed an online law enforcement tool that specifically shares information about online child exploitation investigations. They learned that Defendant was known through other investigations as a person who was still sharing files of child exploitation material through the BitTorrent network. From March 21, 2016 through October 8, 2016, agents learned that ten investigators had downloaded 94 "files of interest" from a device utilizing the Defendant's home IP Address 8.44.155.36. A file of interest is a file that contains known or probable child exploitation material.

On November 3, 2016, FBI agents received a flash drive from a Larimer County Sheriff's Deputy who had received downloads from Mason while acting in a covert online capacity in July 2016. The flash drive contains video files and log reports of files received from the Defendant's home IP address, downloaded on July 23, 2016 and September 26, 2016. For example, one video the Larimer County's Sheriff's Deputy was able to download from the Defendant was titled "Valya-45," a video approximately 38:54

in length that depicts a prepubescent female. The female uses a white phallic object to anally penetrate herself. An adult male anally penetrates the prepubescent female at a later time in the video. The adult male then ejaculates on the female's abdomen.

On November 30, 2016, FBI agents received a disc containing an obscene video download from a Boulder County detective from Defendant's residence IP address. The downloaded video titled "Lolita Secret Area - 10Yo, 11Yo & 12Yo Old Girls," is approximately 14:48 in length and depicts three prepubescent girls stripping nude and performing a variety of sexually explicit poses.

A federal search warrant was obtained and executed on November 10, 2016, on the Defendant's home. Mason was present and agreed to speak with the special agents. Mason admitted collecting child pornography for ten years. A forensic review of the digital items seized pursuant to the search warrant revealed an encrypted folder on one of his computers entitled "Private" which contained Defendant's child pornography collection.[4] The folder contained thousands of image files of child pornography and age-questionable files, including 4,800 video files. Although Mason also collected adult pornography, the "Private" folder was comprised entirely of child pornography or age questionable pornography.

Defendant admits that he possessed child pornography as defined in 18 U.S.C. § 2256(8)(A); that he knew it was child pornography when he possessed it; that the material involved minors who had not attained the age of 12 years; that the offense involved material portraying sadistic or masochistic conduct or other depictions of

---

[4] Defendant willingly supplied the password to the encrypted folder.

violence; that he used a computer to commit the offense; that the offense involved more than 600 images; and that the child pornography had been mailed or had been shipped or transported using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce by any means, including by computer, and was produced using materials that have been mailed, or that have been shipped or transported in or affecting interstate or foreign commerce by any means, including by computer, when the defendant possessed them in Colorado

## VI.   ADVISORY GUIDELINE COMPUTATION AND 3553 ADVISEMENT

The parties understand that the imposition of sentence in this case is governed by 18 U.S.C. § 3553. In determining the particular sentence to be imposed, the Court is required to consider seven factors. One of those factors is the sentencing range computed by the Court under advisory guidelines issued by the United States Sentencing Commission. In cases involving child crimes and sexual offenses, Congress passed Title 18, United States Code, Section 3553(b)(2)(A); however, consistent with the Supreme Court's holding in *United States v. Booker,* 543 U.S. 220 (2005), the parties agree that provision does not mandate this Court to impose a within-guidelines sentence.

In order to aid the Court, the parties set forth below their estimate of the advisory guideline range called for by the United States Sentencing Guidelines. To the extent that the parties disagree about the guideline computations, the recitation below identifies the matters which are in dispute.

The defendant agrees and consents that facts that determine the offense level will be found by the Court, by a preponderance of the evidence, and that the Court may

13

consider and use any reliable evidence, including hearsay and the facts outlined in the Presentence Report.  The parties further agree that the stipulation of facts in this Plea Agreement will also be used by the Court in determining the sentencing guideline range.

The parties provide the following estimated guideline range for the Court's consideration pursuant to 18 U.S.C. § 3553(a)(4).  The range and calculation of that guideline range is an estimate only, and the parties are not bound if the probation department determines that a different guideline range applies.  Any estimation by the parties regarding the appropriate advisory guideline application does not limit the positions the parties may take at sentencing on the appropriate sentence for the Court to impose; rather, those limits are set out in Part I of this Plea Agreement.  The Court may impose any sentence, up to the statutory maximum, regardless of any advisory guideline range computed, and the parties agree that the Court is not bound by any position of the parties.

**Offense Level**:  The base guideline is § 2G2.2.

A. The base offense level for this offense is **18**.  § 2G2.2(a)(1).

B. Because the pornographic material involved a prepubescent minor and minors who had not attained the age of 12, there is an increase of **+2** levels.  § 2G2.2(b)(2).

C. The offense involved material that portrays sadistic or masochistic conduct or other depictions of violence, resulting in an increase of **+4** levels.  § 2G2.2(b)(4).

D. Because the offense involved the use of a computer or an interactive computer service for the possession, transmission, receipt, or distribution of the material, there is an increase of **+2** levels.  § 2G2.2(b)(6).

E. Because the offense involved more than 600 images, there is an increase of **+5** levels.  § 2G2.2(b)(7)(D).

F. No victim-related, role-in-offense, obstruction and/or multiple count adjustments apply.

G. Defendant should receive a decrease in the offense level by **-2** based upon his acceptance of responsibility. § 3E1.1(a). Defendant should also receive a decrease in the offense level by **~1** for timely notifying the government. § 3E1.1(b). At sentencing, the government will make the appropriate motion for the one-point reduction.

H. The adjusted offense level is 28.

### Criminal History Category

I. The parties acknowledge and agree that the estimation regarding Defendant's criminal history is tentative. Defendant acknowledges that the criminal history will be further investigated by the United States Probation Department and ultimately determined by the Court. Defendant further acknowledges that any additional facts regarding the criminal history can greatly affect the final guideline range and result in a longer term of imprisonment. Based upon the facts known at this time regarding Defendant's criminal history, the parties believe that Defendant falls within Criminal History Category ("CHC") I. § 4A1.1.

J. The career offender and/or repeat and dangerous sex offender adjustments do not apply.

### Guideline Ranges

K. The guideline range resulting from estimated offense level of 28 as the government calculates it and the estimated criminal history category of Criminal History Category I is 78-97 months imprisonment. The range could be as low as 78 months with a Criminal History Category of I, and up to 175 months with a Criminal History Category of VI.

L. Pursuant to § 5E1.2, assuming the estimated offense level of 28, the fine range for this offense would be $25,000 to $250,000, plus applicable interest and penalties.

M. Pursuant to 18 U.S.C. § 3583(k) and § 5D1.2(b)(2), if the Court imposes the term of supervised release, that term shall be at least 5 years but not more than life.

## VII.   ENTIRE AGREEMENT

This document states the parties' entire agreement. There are no other promises, agreements (or "side agreements"), terms, conditions, understandings, or assurances, express or implied. In entering this agreement, neither the government nor

the defendant has relied, or is relying, on any terms, promises, conditions, or assurances not expressly stated in this agreement.

Date: 3-20-18

Robert Mason
Defendant

Date: 3-20-18

Eric Zale
Attorney for Defendant

Date: 3/21/18

Valeria Spencer
Assistant United States Attorney